Rochester District Court
No. 2007-120

NICOLA SOUTH

v.

KERRY MCCABE

Argued: January 17, 2008
Opinion Issued: March 12, 2008

*Burns Legal Services*, of Portsmouth (*Christopher R. Burns* on the brief and orally), for the petitioner.

*Orr & Reno, P.A.*, of Concord (*Robert S. Carey* on the brief and orally), for the respondent.

BRODERICK, C.J. The respondent, Kerry McCabe, appeals a final stalking order, *see* RSA 633:3-a (2007), entered against her by the Rochester District Court (*DeVries*, J.). We vacate the trial court's order and remand for further proceedings consistent with this opinion.

We need not recite the facts of this case in detail. The petitioner, Nicola South, initially asserted that the respondent had stalked her by following her to a beach in York, Maine, tampering with her car, and by having "berated" her in a public restroom. After a hearing, the trial court issued protective orders as requested by the petitioner. This appeal followed; the respondent now argues that there was insufficient evidence to support the trial court's finding that she stalked the petitioner. We do not reach the merits of this argument, however, because, in light of our recent decision in *Kiesman v. Middleton*, 156 N.H. 479, 481-82 (2007), we find that the trial court erred by failing to make any specific factual findings in support of its imposition of a final stalking order.

RSA 633:3-a, I, defines the act of stalking to include three distinct categories of conduct, two of which appear potentially relevant here: (1) where a person "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for . . . her personal safety . . . and the person is actually placed in such fear"; and (2) where a person "[p]urposely or knowingly engages in a course of conduct targeted at a specific individual, which the actor knows will place that individual in fear for . . . her personal safety . . . ." RSA 633:3-a, I(a)-(b). In both cases, the person must have been engaged in a "course of conduct," which is further defined as "2 or more acts over a period of time, however short, which evidence[] a continuity of purpose." RSA 633:3-a, II(a).

■ We have interpreted RSA 633:3-a, II(a), since it "contains an enumerated list of prohibited conduct," to require trial courts to make specific findings as to the course of conduct warranting a final stalking order. *Fisher v. Minichiello*, 155 N.H. 188, 193 (2007); *see also Fillmore v. Fillmore*, 147 N.H. 283, 285 (2001) (interpreting domestic violence protective order statutes, *see* RSA 173-B:1, :5 (2002), to impose similar requirement). Specifically, "when issuing a stalking order in response to a civil petition filed pursuant to RSA 633:3-a, III-a, the trial court must make findings on the record that a defendant engaged in two or more specific acts over a period of time, however short, which evidence[] a continuity of purpose." *Fisher*, 155 N.H. at 193 (quotation and emphasis omitted); *Kiesman*, 156 N.H. at 481 (same).

■ The trial court failed to make such findings in this case. The final stalking order, which was issued on a standardized form, gives no indication of either the facts or the reasoning upon which the trial court based its decision. Both this court and the respondent are thus left to speculate as to the precise nature of the trial court's findings, and whether

sufficient evidence was in fact introduced to support them. We therefore vacate the final stalking order and remand. *Kiesman,* 156 N.H. at 481-82.

We note that the respondent, citing another recent decision of this court, *In the Matter of Aldrich & Gauthier,* 156 N.H. 33 (2007), asserts "that the trial court could not, as a matter of law, base its [stalking] finding upon allegations not contained in the ... [stalking] petition." In the interest of judicial economy we shall address this issue now, since it will likely arise on remand. As noted above, the petition filed in this case referenced three specific acts of the respondent that could support a finding that she engaged in a course of conduct tantamount to stalking. However, at the hearing on the petition, the trial court also admitted—over the respondent's objections—evidence of numerous other bad acts as "background" information.

In *Aldrich & Gauthier,* we held that the notice provisions within RSA 173-B:3 (Supp. 2007) require that a respondent in a civil domestic violence proceeding be supplied with the factual allegations against him in advance of the hearing on the petition. *Aldrich & Gauthier,* 156 N.H. at 34. RSA 173-B:3, I, states plainly: "Notice of ... the facts alleged against the defendant shall be given to the defendant ...." Furthermore, a domestic violence petition may be supplemented or amended "only if the defendant is provided an opportunity prior to the hearing to respond to the supplemental or amended petition." RSA 173-B:3, I. These provisions limit the trial court's power to admit evidence of unnoticed charges at a hearing on a domestic violence petition. *Aldrich & Gauthier,* 156 N.H. at 35. While the court retains discretion to admit evidence it deems relevant and material in such hearings, *see* RSA 173-B:3, VIII, "it should not admit evidence on unnoticed charges," *Aldrich & Gauthier,* 156 N.H. at 35. In sum, the allegations in a domestic violence petition "set[] the contours of the hearing contest." *Id.*

█ We agree with the respondent that the holding of *Aldrich & Gauthier* is applicable to civil stalking proceedings by operation of RSA 633:3-a, III-a. *See also Fisher,* 155 N.H. at 193 ("RSA 633:3-a, III-a arguably mandates the applicability of our interpretation of RSA chapter 173-B to orders on civil stalking petitions."). RSA 633:3-a, III-a states that "the procedures and ... the methods of notice [in civil stalking proceedings] ... shall be the same as those set forth in RSA [chapter] 173-B."

█ Thus, on remand, the trial court should limit its findings to the factual allegations specifically recited in the stalking petition, despite its admission of other unnoticed allegations at the hearing on the petition. Our holding in *Aldrich & Gauthier* dictates that the evidence pertaining to

unnoticed allegations should not have been admitted in the first place. We acknowledge that in her petition, South asserted that her specific allegations were part of an "ongoing pattern of . . . behavior" on the part of the respondent. This general statement does not, however, provide sufficient notice of the actual *"facts* alleged against the defendant," RSA 173-B:3, I (emphasis added), to permit consideration of far-ranging testimony on various examples of the respondent's conduct which may have supported a finding that the petitioner had been stalked.

*Vacated and remanded.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.