**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0283, <u>Heather McKenna v. Mark Collier</u>, the court on May 8, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The respondent, Mark Collier, appeals a final stalking protective order, <u>see</u> RSA 633:3-a (2007) (amended 2014), issued against him by the Circuit Court (<u>Stephen</u>, J.). We reverse and remand.

The trial court found, or the record supports, the following facts. The petitioner, Heather McKenna, and the respondent were involved in a relationship that ended in December 2012. In January 2014, the petitioner filed a stalking petition, which alleged that "violence [was] the reason" that she had left the respondent in 2012 and that there had "been so much violence . . . at the hands of [the respondent]." The petition also alleged that the respondent had contacted the petitioner and her daughter after she had called the police and a police officer told him to stop all communication. The trial court granted a temporary protective order.

In April 2014, the court held a final hearing. In addition to testifying about messages that she and her daughter received from the respondent, the petitioner also testified that the respondent engaged in "strangling" and "pushing" that occurred in her daughter's presence and which began in 2010 and continued to 2012. The petitioner further testified that, given the respondent's "violent past" and the unwanted communications, she was "in fear." Although the respondent admitted to sending the messages, he denied physically abusing the petitioner.

The court determined that the respondent had committed stalking pursuant to RSA 633:3-a, I(a). In support of its determination, the trial court found there to be "[a] history of strangulation and pushing in the presence of the [petitioner]'s minor daughter coupled with contact with the [petitioner] after being informed by [t]he [p]olice that the [petitioner] wishes to have no contact." Although the court noted that there were "differing versions of the facts from each [p]arty," the court "found the [petitioner]'s version of facts more credible." The court stated that it believed that a "history of violence exists at the hands of the [respondent], as recent as November 2012, and that coupled with the uninvited contact creates a credible threat to safety." Accordingly, the court issued a final stalking protective order against the respondent. This appeal followed.

The respondent first argues that the trial court erred by allowing the petitioner to testify about the specific acts of violence that the respondent purportedly committed, namely strangulation and pushing. Before addressing the merits of this argument, we briefly address the petitioner's contention that it is not preserved for our review. The general rule is that a contemporaneous and specific objection is required to preserve an issue for appellate review. In re Guardianship of Matthew L., 164 N.H. 484, 488 (2012). Here, when the petitioner began testifying at the hearing about the "very violent traumatic relationship" that she left, the respondent objected, arguing that such allegations were not properly pleaded in the petition; in response, the trial court overruled the objection and permitted the petitioner to testify about the specific acts of violence because she referenced violence in the petition. Under these circumstances, we conclude that the respondent preserved his argument.

The respondent asserts that, because the allegations of the specific acts of violence were not contained within the stalking petition, he was not provided notice thereof, and, therefore, such evidence was not properly before the trial court. The petitioner counters that her allegations about the respondent's "violence" in the petition provided him with sufficient notice to allow testimony about specific violent acts.

We find South v. McCabe, 156 N.H. 797 (2008), controlling. In that case, we explained that a respondent in a civil stalking proceeding must be notified of "the facts alleged against [him]." South, 156 N.H. at 799 (quotation omitted); see RSA 173-B:3, I (2014); see also RSA 633:3-a, III-a (providing that the "methods of notice" in civil stalking proceedings "shall be the same as those set forth in RSA 173-B"). The petition in South alleged only that the respondent engaged in three specific acts and that those acts were part of an "ongoing pattern of behavior." South, 156 N.H. at 800 (quotation and ellipsis omitted). Nonetheless, the trial court allowed the petitioner to testify about "numerous other bad acts" of the respondent. Id. at 799. We held that the general reference to an "ongoing pattern of behavior" was insufficient to notify the respondent of the "numerous other bad acts," and that, therefore, the trial court erred by allowing testimony about them. Id. at 800. We explained that, in a civil stalking proceeding, "evidence pertaining to unnoticed allegations should not . . . be[] admitted." Id. at 799-800.

Similarly, in this case, the petition's general reference to the respondent's "violence" was insufficient to notify him that the petitioner would testify about strangulation and pushing. Although strangulation and pushing are violent acts, the statutory scheme specifically requires that a respondent be given "[n]otice of . . . the facts alleged against [him]." RSA 173-B:3, I. The general reference in the petition to the respondent's prior "violence" failed to notify him of the "actual facts alleged against [him]." South, 156 N.H. at 800 (quotation omitted). Accordingly, the trial court in this case, like the trial court in South,

2

erred by allowing the petitioner to testify about unnoticed allegations. Given our decision, we need not address the respondent's other arguments.

Reversed and remanded.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**