# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0094, <u>Kellie Brown v. Michele Janvrin</u>, the court on July 20, 2015, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The defendant, Michele Janvrin, appeals an order of the Circuit Court (<u>DeVries</u>, J.) granting a stalking final order of protection in favor of the plaintiff, Kellie Brown. <u>See</u> RSA 633:3-a (Supp. 2014). The defendant contends that: (1) the trial court erred by failing to make necessary findings; and (2) "there was insufficient evidence to support the Plaintiff's stalking petition."

When issuing a stalking order in response to a civil petition filed pursuant to RSA 633:3-a, the trial court must make findings on the record that a defendant engaged in two or more specific acts over a period of time, however short, that evidence a continuity of purpose. <u>South v. McCabe</u>, 156 N.H. 797, 798 (2008). In the absence of such findings, both this court and the defendant are left to speculate as to the precise nature of the trial court's findings and whether sufficient evidence was introduced to support them. <u>Id</u>. at 798-99.

In this case, the trial court found that "[o]n 12/11/14 (after a history of numerous incidents) Defendant assaulted Plaintiff at the elementary school." It did not, however, make a finding regarding a second specific act. Accordingly, we vacate the trial court's order because it does not conform to the statutory requirements, and we remand. <u>See id</u>.; <u>Kiesman v. Middleton</u>, 156 N.H. 479, 481-82 (2007). In light of this ruling, we need not address the defendant's second issue.

<u>Vacated and remanded</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**