# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0581, <u>Robyn Casey v. Deborah Berardino</u>, the court on May 31, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendant, Deborah Berardino, appeals an order of the Circuit Court (<u>Sadler</u>, J.) granting a civil stalking final order of protection to the plaintiff, Robyn Casey. <u>See</u> RSA 633:3-a, III-a (Supp. 2015). She contends that the trial court erred by basing its order upon: (1) facts that were not alleged in the petition; (2) insufficient evidence; and (3) unsworn representations by the plaintiff's attorney, whom she did not cross-examine. On appeal, we review sufficiency of the evidence claims as a matter of law, viewing the evidence in the light most favorable to the plaintiff, and uphold the findings and rulings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. <u>Fisher v. Minichiello</u>, 155 N.H. 188, 190 (2007).

RSA 633:3-a, I(a) (Supp. 2015), provides that a person "commits the offense of stalking" if she "[p]urposely, knowingly or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear." A "course of conduct" consists of "2 or more acts over a period of time, however short, which evidences a continuity of purpose." RSA 633:3-a, II(a) (Supp. 2015). Such acts are not limited to those against the targeted person directly, but include threats against the targeted person's immediate family. <u>Fisher</u>, 155 N.H. at 191-92.

Before issuing a stalking order of protection, the trial court must make specific findings on the record that the defendant engaged in two or more such specific acts. <u>South v. McCabe</u>, 156 N.H. 797, 798 (2008). The allegations in a petition set the contours of the hearing by providing the defendant with the factual allegations against her in advance of the hearing. <u>Id</u>. at 799. Accordingly, the trial court must limit its findings to the factual allegations specifically recited in the stalking petition. <u>Id</u>.

In this case, during the hearing, the trial court directed the plaintiff's attorney to "focus on the petition because that's what the defendant came here to" defend and stated that the defendant was entitled to "notice and . . . [an]

opportunity to be heard." However, the trial court erred by finding that the defendant engaged in a course of conduct based primarily upon two events that the plaintiff had not alleged in the petition: (1) the defendant's alleged confrontation with the plaintiff's teenage daughter; and (2) the defendant's alleged placing of "demanding notes" on the plaintiff's mailbox.

The plaintiff argues that the defendant "affirmed that she has . . . approach[ed] the [plaintiff's] daughter." However, we find no support for this assertion in the portions of the record to which she cites, or elsewhere. The plaintiff argues that the defendant "affirmed, by her acceptance of [a note as an exhibit] . . . that she had left a demanding note on the [plaintiff's] mailbox." However, this argument begs the question whether the plaintiff alleged such conduct in her petition. See id.

Furthermore, having reviewed the allegations in the petition and the transcript of the hearing, we conclude that the record does not support the trial court's finding that the alleged actions of the defendant "would cause a reasonable person to fear for their safety or a member of their immediate family (as the confrontations are escalating)." The plaintiff alleged in the petition that the defendant: (1) on July 24, 2015, parked at the end of the plaintiff's driveway and took pictures and video while the plaintiff's daughter was home alone; (2) on June 16, 2015, approximately, drove past her house slowly; (3) on June 1, 2015, drove past her "house slowly taking pictures"; (4) in May 2015, took pictures of her house and backyard; and (5) in May 2015, took pictures of her "backyard from their house on their porch."

The plaintiff's attorney represented that the parties were engaged in a dispute regarding the plaintiff's home business, which accounts for the defendant's wish to photograph the plaintiff's business activities. We note that it appears that the defendant must drive past the plaintiff's home to reach a main road. Rather than showing that the confrontations between the parties were escalating, the allegations show that they had been continuing in much the same way. Under these circumstances, we conclude that the defendant's taking pictures of the plaintiff's property would not place a reasonable person in fear for her safety. In light of this conclusion, we need not address the defendant's other argument.

Reversed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**