# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0375, <u>Jamie Brien v. K. Cardone Holmes</u>, the court on December 9, 2016, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendant, K. Cardone Holmes, appeals an order of the Circuit Court (<u>Spath</u>, J.) granting a civil stalking final order of protection to the plaintiff, Jamie Brien. <u>See</u> RSA 633:3-a, I-a (2016). She contends that the trial court erred by: (1) finding that she engaged in a course of conduct based upon a single occurrence; (2) making findings based upon insufficient evidence; and (3) excluding certain testimony.

RSA 633:3-a, I(a) provides that a person commits stalking if: (1) she knowingly engages in a course of conduct; (2) the course of conduct is targeted at a specific person; (3) it would cause a reasonable person to fear for her personal safety or for the safety of a family member; and (4) the person is actually placed in such fear. <u>State v. Simone</u>, 152 N.H. 755, 758 (2005). A "course of conduct" consists of "2 or more acts over a period of time, however short, which evidences a continuity of purpose." RSA 633:3-a, II(a) (2016). However, it does not include "conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person." <u>Id</u>.

Before issuing a stalking order of protection, the trial court must make specific findings on the record as to the two or more acts constituting the course of conduct. <u>South v. McCabe</u>, 156 N.H. 797, 798 (2008). We review a trial court's application of law to facts <u>de</u> <u>novo</u> and defer to its findings of fact, when they are supported by evidence in the record. <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 33 (2007).

In this case, the trial court found that the defendant followed the plaintiff's children's school bus home, drove down the dead-end street on which the plaintiff lived, spoke with the plaintiff's minor child, and told the child "to tell her parents that the defendant was her substitute teacher that day – and to ask if they remembered her." The defendant testified, and the plaintiff did not contest, that the child initiated the conversation, having recognized the defendant.

We conclude that these facts do not constitute two acts that "evidence[ ] a continuity of purpose." <u>See</u> RSA 633:3-a, II(a). The defendant's purpose was not

established by this single interaction.  Cf. Comer v. Tracey, 156 N.H. 241, 248 (2007) (stating we will reverse protective order when supported by one act only); State v. Gubitosi, 152 N.H. 673, 681-82 (2005) (affirming jury verdict that defendant stalked victim when victim saw him drive through restaurant parking lot, the defendant then called her at the restaurant although police had told him not to contact her, and there was evidence admitted of other uncharged conduct).

Furthermore, we note that, although the trial court found that the defendant's direction to the child was "a veiled threat or message to intimidate and scare the plaintiff," the plaintiff did not testify that she was actually in fear for her personal safety or for the safety of a family member.  See RSA 633:3-a, I(a).  In light of our conclusion that the requirements of RSA 633:3-a, I(a) were not met, we need not address the defendant's other arguments.

Reversed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**