**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0681, <u>Cheyenne French v. Tucker Kram</u>, the court on May 26, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendant, Tucker Kram, appeals an order of the Circuit Court (<u>Tenney</u>, J.) granting a civil stalking final order of protection to the plaintiff, Cheyenne French. <u>See</u> RSA 633:3-a, III-a (2016). He contends, in part, that the evidence was insufficient to support the finding that he stalked the plaintiff. We review the sufficiency of the evidence as a matter of law, viewing the evidence in the light most favorable to the plaintiff, and uphold the findings and rulings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. <u>Fisher v. Minichiello</u>, 155 N.H. 188, 190 (2007).

RSA 633:3-a, I(a) (2016) provides that a person "commits the offense of stalking" if he "[p]urposely, knowingly or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety . . . and the person is actually placed in such fear." A "course of conduct" consists of "2 or more acts over a period of time, however short, which evidence[ ] a continuity of purpose," but does not "include conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person." RSA 633:3-a, II(a).

Before issuing a stalking order of protection, the trial court must make specific findings on the record that the defendant engaged in two or more such specific acts. <u>South v. McCabe</u>, 156 N.H. 797, 798 (2008). The trial court must limit its findings to the factual allegations specifically recited in the stalking petition. <u>Id</u>. at 799.

In this case, although the trial court found that the defendant "continued his attempts to contact [the plaintiff] repeatedly, despite numerous requests not to do so," it did not find that any of those attempted contacts would have caused a reasonable person to fear for her safety, nor did the plaintiff testify that any of those contacts actually caused her to so fear. <u>See</u> <u>Comer v. Tracey</u>, 156 N.H. 241, 249 (2007) (reversing stalking order when plaintiff did not testify to content of defendant's telephone calls or that his actions placed her in fear).

Accordingly, we conclude that, even viewing the evidence in the light most favorable to the plaintiff, the trial court's finding that the defendant stalked her lacks evidentiary support.  <u>See</u> <u>Fisher</u>, 155 N.H. at 190.  Given this conclusion, we need not address the defendant's second argument.

<u>Reversed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
