**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0404, <u>K.M. v. V.F.</u>, the court on March 18, 2022, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The defendant, V.F., appeals the circuit court's final stalking protective order, see RSA 633:3-a (2016 & Supp. 2021), entered against her for the protection of the plaintiff, K.M. The defendant argues that the trial court, in concluding that she engaged in a prohibited course of conduct, erred by relying upon an act that was not alleged in the petition and that was necessary to accomplish a legitimate purpose. She also suggests that the court's findings were contrary to the weight of the evidence. We affirm.

A person commits the offense of stalking if he or she "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear." RSA 633:3-a, I(a). "Course of conduct" is defined as two or more acts over a period of time, however short, which evidence a continuity of purpose. RSA 633:3-a, II(a). A course of conduct may include "[t]hreatening the safety of the targeted person" or "[f]ollowing, approaching, or confronting that person." RSA 633:3-a, II(a)(1)–(2).

The plaintiff testified that she arrived home on a Monday afternoon and found the defendant's vehicle in her designated parking space. The trial court found that, in response to the plaintiff's request to move the car, the defendant became verbally aggressive, threatened the plaintiff that she would "kick [her] f***ing ass," and tried to intimidate the plaintiff "by attempting/acting as if she was going to back her car into [the plaintiff's] car." The court found that the plaintiff credibly testified that, as a result of the defendant's conduct, she was in fear of the defendant.

The defendant first argues that the trial court, in concluding that she engaged in a prohibited course of conduct, erred by relying upon an act that was not alleged in the petition. See <u>South v. McCabe</u>, 156 N.H. 797, 799-800 (2008) (because trial court is prohibited from admitting evidence of unnoticed charges under RSA 173-B:3, I (Supp. 2007), stalking order should not be based upon unnoticed charges). She asserts that the petition does not allege that she attempted to back her vehicle into the plaintiff's vehicle. The defendant has not demonstrated that she preserved this issue for review by raising it in the

trial court. See Bean v. Red Oak Property Mgmt., Inc., 151 N.H. 248, 250 (2004); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

Even if the defendant had preserved this issue, we would conclude that the allegations in the petition sufficiently placed her on notice of the claim. The plaintiff alleged that the defendant parked her vehicle in the plaintiff's "designated parking spot," and that she asked the defendant "to please move her car." She alleged that the defendant threatened her physically, and that "[d]ue to her aggression" and the threat of physical harm, she feared that the defendant "would do harm to [her] property." Although these allegations do not specifically state that the defendant attempted to back her vehicle into the plaintiff's vehicle, we conclude that they are sufficient to place the defendant on notice of the claim.

The defendant next argues that the trial court, in concluding that she engaged in a prohibited course of conduct, erred by relying upon acts that were necessary to accomplish a legitimate purpose. See RSA 633:3-a, II(a) ("A course of conduct shall not include . . . conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person."). The defendant argues that backing out of the parking space had the legitimate independent purpose of vacating the space as the plaintiff requested. Again, the defendant has not demonstrated that she preserved this issue by raising it in the trial court. See Bean, 151 N.H. at 250; Dist. Div. R. 1.8(I); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002) (issues first arising in court's order must be raised in motion for reconsideration).

Even if the defendant had preserved this issue, we note that the trial court found that the defendant did not simply back her vehicle out of its parking space, but that she "tr[ied] to intimidate [the plaintiff] by attempting/acting as if she was going to back her car into [the plaintiff's] car." Threatening the plaintiff by "acting as if she was going to back her car into [the plaintiff's] car," is not conduct that was necessary to accomplish a legitimate purpose.

Finally, the defendant states that the court's order is contrary to the weight of the evidence. We note that, beyond merely stating that the order was contrary to the weight of the evidence, the defendant does not develop a weight-of-evidence argument in her brief. See State v. Blackmer, 149 N.H. 47, 49 (2003) (stating that arguments that are not fully developed are waived). Even if this argument were fully developed, the trial court has broad discretion to resolve conflicts in the testimony, evaluate the credibility of witnesses, and determine the weight to be given to the evidence. Despres v. Hampsey, 162 N.H. 398 (2011). In her testimony, the defendant disputed the plaintiff's version of the events. The defendant testified that she apologized for parking in

2

the plaintiff's designated space and that she attempted to move her car as requested.  She denied using foul language or trying to intimidate the plaintiff while backing up.  In resolving the conflicting testimony, the trial court was not required to credit the defendant's testimony.  See id.  We conclude that the trial court acted within its discretion in resolving the conflicting testimony, evaluating the credibility of the witnesses, and determining the weight to be given to the evidence.  See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**