# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0631, <u>T.N. v. K.S.</u>, the court on April 24, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). The defendant appeals an order of the Circuit Court (<u>Gorman</u>, J.), following a hearing held on two separate non-consecutive days, granting a civil stalking final order of protection in favor of the plaintiff. See RSA 633:3-a (Supp. 2022). We construe the defendant's brief to argue: (1) that the trial court erred by allowing the plaintiff to amend the stalking petition after the first hearing day and prior to the second hearing day; and (2) that the evidence was insufficient to support a finding of stalking. We affirm.

We first address the defendant's argument that the trial court erred by allowing the plaintiff to amend the stalking petition after the first hearing day. "A person who has been the victim of stalking . . . may seek relief by filing a civil petition in the district court in the district where the plaintiff or defendant resides." RSA 633:3-a, III-a. The defendant is entitled to "[n]otice of the pendency of the action and of the facts alleged," and the plaintiff "shall be permitted to supplement or amend the petition only if the defendant is provided an opportunity prior to the hearing to respond to the supplemental or amended petition." RSA 173-B:3, I (2022); see also RSA 633:3-a, III-a (providing that, in stalking cases, notice and other procedural matters are governed by RSA chapter 173-B). "These provisions limit the trial court's power to admit evidence of unnoticed charges at a hearing," and, "[w]hile the court retains discretion to admit evidence it deems relevant and material in such hearings, it should not admit evidence on unnoticed charges." <u>South v. McCabe</u>, 156 N.H. 797, 799 (2008) (citation and quotations omitted).

In this case, the trial court held a hearing on the plaintiff's stalking petition on two separate non-consecutive days. The trial court continued the hearing after the first hearing day while the defendant was still cross-examining the plaintiff, and before the plaintiff had rested, due to time constraints. Following the first hearing day, and nine days before the scheduled second hearing day, plaintiff's counsel filed a motion to amend the stalking petition, which the plaintiff had initially filed when he was self-represented, in order to "conform with the testimony" already adduced. The motion stated that the plaintiff had "already testified without objection to the incidents described in [the] [a]mended [s]talking [p]etition," that the defendant "ha[d] already had the opportunity to extensively cross-examine the plaintiff on the allegations in the [a]mended

[s]talking [p]etition," and that the defendant had, in fact, raised one of the alleged incidents in the defendant's own objection to the petition. Accordingly, the plaintiff argued that the amendment "does not introduce a new cause of action, does not call for different evidence or result in surprise to the defendant."

In granting the motion, the trial court acknowledged that "normally these amendments take place before the first hearing." However, the trial court agreed with the plaintiff that, under the circumstances, the defendant had received adequate notice. The court observed that the incidents alleged in the amended petition had been discussed at the first hearing, that at least one had been raised by the defendant, and that, at the second hearing, the defendant was still conducting cross-examination of the plaintiff. Accordingly, the court concluded that there was no unfair surprise to the defendant. Because these findings are supported by the record, which demonstrates that the defendant had notice of the amended petition in advance of the second hearing, and that the defendant received ample time to both cross-examine the plaintiff and directly answer the allegations, we conclude that the trial court did not err by allowing the amended petition in this case. Cf. Bel Air Assocs. v. N.H. Dep't of Health & Human Servs., 154 N.H. 228, 235-36 (2006) (observing that, as a general rule, New Hampshire allows for the liberal amendment of pleadings, unless the changes surprise the opposing party, introduce an entirely new cause of action, or call for substantially different evidence). We note that the allegations in the amended petition did in fact conform to the testimony adduced on the first hearing day, and that, at no point prior to the filing of the motion did the defendant object to the plaintiff's testimony on the basis that it was not noticed in his initial petition.

Next, we address the defendant's argument that the evidence was insufficient to support the trial court's decision. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or erroneous as a matter of law. Fisher v. Minichiello, 155 N.H. 188, 190 (2007). "We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony." Id. We view the evidence in the light most favorable to the prevailing party, in this case, the plaintiff. See id.

A person commits the offense of stalking if that person "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety . . . and the person is actually placed in such fear." RSA 633:3-a, I(a). "Course of conduct" is defined as two or more acts over a period of time, however short, which evidences a continuity of purpose. RSA 633:3-a, II(a). A course of conduct may include, among other things, "[t]hreatening the safety of the targeted person," "[f]ollowing, approaching, or confronting that person," or "[a]ppearing in close proximity to, or entering the person's residence, place of employment, school, or other place where the person can be found." RSA 633:3-

2

a, II(a)(1)-(3).  However, a course of conduct does not include constitutionally protected activity, nor conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person.  RSA 633:3-a, II(a).  The plaintiff bears the burden to prove "stalking" by a preponderance of the evidence.  RSA 633:3-a, III-a; Fisher, 155 N.H. at 190.

In this case, the trial court found, among other things, that, in 2019, the defendant drove past the plaintiff, who was walking, and "cursed at plaintiff and drove toward [the plaintiff], coming very close to [the plaintiff]."  The court also found that, in July 2022, the "defendant came to plaintiff's property at night[,] . . . screaming and threatening to kill [the plaintiff]."  In both instances the plaintiff contacted the police.  Additionally, the court found that "[w]hen plaintiff drives by defendant's property[,] [the defendant] sometimes makes a threatening gesture at [the plaintiff] in the form of a motion to show slitting [one's] throat."  Lastly, the court weighed the parties' testimony and their credibility, considered the history of their relationship, and concluded that not only would a reasonable person be placed in fear by the defendant's actions, but that the plaintiff was actually placed in such fear.  Because these findings are supported by evidence in the record, and because these incidents are neither too remote nor too vague to demonstrate a course of conduct, see Despres v. Hampsey, 162 N.H. 398, 402 (2011), we conclude that the evidence is sufficient to support the trial court's finding, by a preponderance of the evidence, that the defendant stalked the plaintiff.  See RSA 633:3-a, III-a; Fisher, 155 N.H. at 190 (observing that we must view the evidence in the light most favorable to the prevailing party, and that we give deference to the trial court's judgments on the credibility of witnesses and the weight to be given testimony).

To the extent that the defendant raises any additional arguments, they are either inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).  Further, any issues raised in the defendant's notice of appeal that were not briefed are waived.  See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**