# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0119, <u>J.K. v. D.T.</u>, the court on July 18, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant appeals an order of the Circuit Court (<u>Gorman</u>, J.), issued following a hearing, granting a civil stalking final order of protection in favor of the plaintiff. <u>See</u> RSA 633:3-a (Supp. 2022). On appeal, the defendant advances several challenges to the trial court's order. We affirm.

In an appeal from an order granting a civil stalking final order of protection, we uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or are erroneous as a matter of law, and accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. <u>Fisher v. Minichiello</u>, 155 N.H. 188, 190 (2007). We view the evidence in the light most favorable to the prevailing party; here, the plaintiff. <u>See</u> <u>id.</u>

A person commits the offense of stalking if, among other things, that person "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear." RSA 633:3-a, I(a). "Course of conduct" is defined as two or more acts over a period of time, however short, which evidences a continuity of purpose. RSA 633:3-a, II(a). A course of conduct may include, among other things, "[t]hreatening the safety of the targeted person," "[f]ollowing, approaching, or confronting that person," or "[a]ppearing in close proximity to, or entering the person's residence, place of employment, school, or other place where the person can be found." RSA 633:3-a, II(a)(1)-(3). However, a course of conduct does not include constitutionally protected activity, nor conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person. RSA 633:3-a, II(a). The plaintiff bears the burden to prove "stalking" by a preponderance of the evidence. RSA 633:3-a, III-a; <u>Fisher</u>, 155 N.H. at 190.

In this case, the trial court found, among other things, that the defendant, who had an affair with the plaintiff's wife, sent two vulgar emails to the wife containing threats of physical harm to the plaintiff, and that, thereafter, the wife showed those emails to the plaintiff. The court also found that the defendant had driven slowly by the plaintiff's two homes, and noted that, although the defendant lived in close proximity to one of the homes, "there appears to be no

legitimate reason why he would need to be driving by the plaintiff's [second] residence." Additionally, the court found that, after an initial temporary protective order had been issued, the plaintiff encountered the defendant parked on the side of the road near the bus stop for the plaintiff's minor child, and that the defendant, who had a bow and arrow, "raised his hands at the plaintiff." The court observed that "[e]ven assuming defendant may not have been acting unlawfully by being in that area, he should not have confronted the plaintiff or interacted with him in any manner." The court found that the plaintiff "testified credibly as to his legitimate fear for the safety and well-being of himself and his family," and that "despite the existence of a restraining order, thereafter defendant interacted directly with the plaintiff. The plaintiff's claim of fear is reasonable."

We first address the defendant's argument that the trial court erred by finding that the defendant had driven by both of the plaintiff's houses, when "there was no notice of an allegation regarding a second home in the petition." We are not persuaded. Although the defendant is correct that the allegations in the stalking petition "set the contours of the hearing contest," South v. McCabe, 156 N.H. 797, 799 (2008) (quotation and brackets omitted), here, the allegation that "[the defendant] has driven by my house on several occasions stopping in the roadway in front for a period of time, then driving away," was expressly pled. That this allegation was clarified at the hearing to refer to both of plaintiff's homes does not amount to the trial court impermissibly "admit[ting] evidence on unnoticed charges," id. (quotation omitted).

Next, we address the defendant's argument that, in finding that he had stalked the plaintiff, the trial court erred by considering the threatening emails he sent to the plaintiff's wife. Although, at the hearing, the defendant acknowledged the overtly threatening nature of the emails, he contends that he was merely "venting" to the plaintiff's wife, and that he did not intend for the emails to be seen by the plaintiff. Accordingly, he argues that, without a finding of intent, the trial court erred by considering the emails as part of "a course of conduct targeted at a specific person." RSA 633:3-a, I(a). We disagree.

As set forth above, a person commits the offense of stalking if, among other things, that person "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety . . . and the person is actually placed in such fear." RSA 633:3-a, I(a). Thus, even if, as the defendant contends, he did not intend for the plaintiff to see the emails, the emails can still be considered part of a course of conduct targeted at the plaintiff if the defendant acted recklessly. "A person acts recklessly with respect to a material element of an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." RSA 626:2, II(c) (2016). Here, the trial court reasonably found that the act of sending emails to the

2

plaintiff's wife that threatened bodily harm to her husband raised a "substantial likelihood" that the plaintiff would learn of the threats, regardless of whether the defendant meant for the wife to share them with the plaintiff. Although the defendant contends that, in so finding, the trial court applied the wrong standard, we understand the trial court's order to mean that the court found that the defendant had acted recklessly. See Choquette v. Roy, 167 N.H. 507, 513 (2015) ("The interpretation of a trial court order is a question of law, which we review de novo."); cf. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004) (stating that we assume the trial court made all subsidiary findings necessary to support its general finding).

Next, we address the defendant's argument that the trial court erred by considering the incident near the child's bus stop in which the defendant, after the issuance of the temporary protective order, had a bow and arrow and "raised his hands at the plaintiff." Although, on appeal, the defendant acknowledges that he violated the temporary protective order, he nonetheless argues that the trial court erred by considering the incident as part of the course of conduct because the court failed to find that his actions were targeted at the plaintiff, and that they would have caused a reasonable person to fear for their safety. We are not persuaded. Here, the trial court plainly found, and the record supports its findings, that the defendant "raised his hands at the plaintiff," (emphasis added), and that "the plaintiff's claim of fear is reasonable," given that "despite the existence of a restraining order," the "defendant interacted directly with the plaintiff." Although the defendant also contends that the evidence does not support the court's finding that he had a bow and arrow during this incident, we conclude, based upon our review of the record, that the trial court could have reasonably so found. See Fisher, 155 N.H. at 190 (observing that we view the evidence in the light most favorable to the plaintiff as the prevailing party).

Lastly, the defendant contends that the evidence was insufficient to support the trial court's decision. Although the defendant's argument is premised on the faulty assumption that the trial court erred with respect to the issues discussed above, we nonetheless note that we conclude, based upon our review of the record, that the evidence was sufficient to support the trial court's finding, by a preponderance of the evidence, that the defendant stalked the plaintiff. See Fisher, 155 N.H. at 190.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**